**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

       26 BOWERY LLC and
       2 BOWERY HOLDING LLC,

                             Debtors.

NOT FOR PUBLICATION

Chapter 11

Case No. 22-10412 (MG) and
           22-10413 (MG)
(Jointly Administered)

------------------------------------------------------------------------x

26 BOWERY LLC,

                             Plaintiff,

v.

MIMIN YONG a/k/a MININ NG, "JOHN DOE," AND
"JANE DOE"

                             Defendants.

Adv. Pro. No. 23-01166 (MG)

------------------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING JUDGMENT**
**OF POSSESSION IN FAVOR OF DEBTOR-PLAINTIFF 26 BOWERY LLC**

*A P P E A R A N C E S:*

RAVERT PLLC
*Special Litigation Counsel for Debtors and Debtor-Plaintiff*
16 Madison Square West, Floor 12, #269
New York, New York 10010
By:    Gary O. Ravert, Esq.

DE LOTTO & FAJARDO LLP
*Landlord Tenant Counsel for the Debtors and Debtor-Plaintiff*
4 Reeder Road
Rhinebeck, New York 12572
By:    Lauren De Lotto, Esq.

LAW OFFICES OF ROBERT S. LEWIS, P.C.
*Attorney for Defendant William Ng*
53 Burn Street
Nyack, New York 10960
By:    Robert S. Lewis, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the adversary complaint (the "Complaint," ECF Doc. #1) of 26 Bowery LLC (the "Debtor" or "Plaintiff"), seeking (i) entry of final judgment of ejectment, with warrant of eviction, granting the Debtor immediate possession of the residential apartment unit (the "Apartment") spanning the fifth floor of 26 Bowery, New York, NY 10013 (the "Property") and (ii) directing the removal of defendants Mimin Yong a/k/a Mimin Ng ("Defendant Yong"), "John Doe," and "Jane Doe" (collectively, the "Defendants") as well as any other occupants from the Apartment.[1]  (Complaint ¶ 27.)

In support of the Complaint and the relief sought, the Debtor filed (i) a memorandum of law ("Supporting Memo," ECF Doc. # 10); (ii) the declaration of Brian Ryniker, member of financial advisory firm RK Consultants LLC and independent manager (the "Independent Manager") to the Debtor ("Ryniker Decl.," PX7 ECF Doc. # 10-7); and (iii) the declaration of Lauren De Lotto, member of law firm De Lotto & Fajardo LLP and landlord tenant counsel to the Debtor ("De Lotto Decl.," PX8 ECF Doc. # 10-8).

On October 4, 2023, Defendant Yong filed an answer (the "Answer," ECF Doc. # 3) to the Complaint, opposing the relief sought.  On December 7, 2023, the Court entered a pretrial order (the "Pretrial Order," ECF Doc. # 11), which, among other things, amended the pleadings to "embrace" only the contentions of the parties set forth therein.  (Pretrial Order at 3.)  As reflected in the Pretrial Order, the Defendants did not submit any objections to the contentions of the Plaintiff or evidentiary support in opposition to the relief sought.  (*See id.* §§ IV(B), VII, X.)

---

[1] Defendants "John Doe" and "Jane Doe" comprise any other persons that may be occupying the Apartment without the knowledge or consent of the Plaintiff and whose true names and genders are unknown to the Plaintiff. (Complaint ¶ 18.)  The Court's ruling today applies equally to such Defendants, if any, as well as all other occupants residing at the Apartment.

2

On December 13, 2023, the Court held an in-courtroom trial to address the singular issue of whether the Debtor has the "superior right of possession [to] the Apartment" as set forth in the Pretrial Order. (*Id.* § V.) On December 14, 2023, the parties stipulated to the admission of exhibits PX1 through PX8, including the Ryniker Decl. (PX7) and the De Lotto Decl. (PX8), and waived rights to cross-examination of the declarants. (*See* ECF Doc. # 13.)

For the reasons stated, the Court **GRANTS** a judgment of possession to the Debtor to take possession of the Apartment on or before February 15, 2024, and **DISMISSES** Defendant Yong's affirmative defenses.

## I. BACKGROUND

**A. The Debtor and the Commencement of the Chapter 11 Case**

The Debtor serves as fee owner of the Property. (Supporting Memo ¶ 1.) The Property is a multi-family, mixed-use residential and commercial, 5-story building in Chinatown, Manhattan. (*Id.*) Specifically, the Property is comprised of (i) a single commercial unit that includes the basement, street-level first floor, and second floor; (ii) two third-floor units; (iii) two fourth-floor units; and (iv) the Apartment, which comprises the entire fifth floor of the Property. (*Id.* ¶ 2.)

The Debtor entered into two loan agreements, dated April 26, 2019, borrowing a total of $8.6 million from two lenders, which were secured and cross-collateralized by certain notes, mortgages, security agreements, membership pledge agreements, and guaranties. (*Id.* ¶ 3.)

On March 31, 2023, the Independent Manager commenced the Debtor's voluntary Chapter 11 case along with the Chapter 11 case of 2 Bowery Holdings LLC ("2 Bowery"). (Ryniker Decl. ¶ 6.) The Chapter 11 cases of both the Debtor and 2 Bowery are jointly

administered.  (*See* Order Directing Joint Administration of Chapter 11 Cases and Related Relief, Case No. 22-10412, ECF Doc. # 8.)

### B. Defendant Mimin Yong and the Expired Lease Agreement

Defendant Yong has been the named tenant of record of the Apartment, pursuant to a written lease agreement (the "Lease," PX2 ECF Doc. # 10-2), dated September 1, 2020, by and between the Debtor, as landlord, and Defendant Yong, as tenant.  (*Id.* ¶ 8.)  The Lease was for a three-year term, which commenced on September 1, 2020 and terminated on August 30, 2023.  (*Id.* ¶ 10.)  Wilson Ng, Defendant Yong's husband and managing member of the Debtor and co-debtor 2 Bowery, executed the Lease on behalf of the Debtor.  (*Id.* ¶ 9.)  Defendant Yong and her husband own and reside at the property located at 188 Robinson Lane, Wappinger Falls, NY 12590.  (*Id.* ¶ 7.)

On May 18, 2023, the Debtor served Defendant Yong with a 90-day notice of nonrenewal of tenancy (the "Nonrenewal Notice," PX3 ECF Doc. # 10-3) at the Apartment as well as the Wappinger Falls address.  (*Id.* ¶ 11; De Lotto Certificate of Service of Nonrenewal Notice, PX4 ECF Doc. # 10-4 at 1.)  The Nonrenewal Notice informed Defendant Yong that she was required to "quit, vacate and surrender possession of the [Apartment] to the [Debtor] on or before August 30, 2023 and, that if [she] failed to do so, [the Debtor] would take legal action to, among other things, recover possession of the [Apartment]."  (*Id.* ¶ 12.)  As of September 5, 2023, Defendant Yong remains in possession of the Apartment under the expired Lease.  (*Id.* ¶ 13.)

### C. The Adversary Proceeding

On September 5, 2023, the Debtor commenced this adversary proceeding.  (*Id.* ¶ 15.)  On October 4, 2023, Defendant Yong filed an answer, denying the allegations. (Answer ¶¶ 1–2.)  In the Answer, Defendant Yong asserted three affirmative defenses in response: (i) failure to state a

4

cause of action upon which a claim for relief may be based; (ii) "jurisdictional defect requiring dismissal of the [Complaint]" due to a violation of section 226-c(2)(d) of the New York Real Property Law ("RPL"), which requires, among other things, 90 days' notice of nonrenewal for leases of at least two years; and (iii) lack of *in personam* jurisdiction over Defendant Yong.  (*Id.* ¶¶ 4–11.)

On December 7, 2023, the Court entered the Pretrial Order, which sets forth the parties' contentions, the issues to be tried, the parties' evidentiary support, and the relief sought.  (*See generally* Pretrial Order.)  As noted, the Defendants did not submit any contentions or evidentiary support in opposition to the relief sought.  (*See id.* §§ IV(B), VII, X.)

On December 13, 2023, the Court held an in-courtroom trial on the Complaint, addressing the single issue of whether the Debtor has a superior right of possession to the Apartment.  On December 14, 2023, the parties stipulated to the admission of exhibits PX1 through PX8 and waived rights to cross-examination of the declarants.  (*See* ECF Doc. # 13.)

## II.    LEGAL STANDARD

Generally, "ejectment actions are available to anyone claiming a superior right to possession." *Kosa v. Legg*, 816 N.Y.S.2 840, 849 (N.Y. Sup. Ct. 2006); *see also Edwards v. All Star Recovery Corp.*, 63 N.Y.S.3d 305 (N.Y. Sup. Ct. 2017) ("Ejectment is an action which can be maintained against a party against whom one has a superior right to possession.").  A "plaintiff . . . demonstrate[s] its prima facie entitlement to judgment as a matter of law on the cause of action for ejectment by establishing that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate." *Noamex v. Domsey Worldwide, Ltd.*, 144 N.Y.S.3d 77, 80 (N.Y. App. Div. 2021) (citations omitted).  Courts have recognized that while summary

proceedings to regain possession of real property have grown increasingly common, "the common-law action for ejectment still survives in New York and is more properly referred to as an action to recover possession of real property." *Alleyne v. Townsley*, 487 N.Y.S.2d 600, 600 (N.Y. App. Div. 1985). Moreover, "common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute." *Id.*

Section 232-c of the RPL provides that:

> Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. *In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant*, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.

(RPL § 232-c (emphasis added).) With respect to tenants who holdover after the termination of a lease, use of ejectment proceedings to recover possession is proper. *See e.g.*, *Alleyne*, 487 N.Y.S.2d 600 (affirming the lower court's decision to eject a holdover tenant). Additionally, a judgment of possession may be enforced with an execution. (*See* N.Y. C.P.L.R. § 5102 ("A judgment or order, or a part thereof, awarding possession of real property or a chattel may be enforced by an execution, which shall particularly describe the property and designate the party to whom the judgment or order awards its possession.").)

### III.    DISCUSSION

**A. Debtor Established a Prima Facie Case for Ejectment**

The Debtor has adequately established a prima facie case for ejectment of Defendant Yong from the Apartment. It is undisputed that the Debtor is the fee owner of the Property. (*See* Answer at 1–2 (not contesting that Debtor is the fee owner of the Property).) Additionally, it is

6

further undisputed that Defendant Yong was served with the Nonrenewal Notice at both the Apartment and her Wappinger Falls home and that the Lease ultimately terminated on August 30, 2023. (*Compare* Pretrial Order § IV(A) ¶ 11 *with id.* § IV(B) (offering no contention in opposition).) Such notice, which provided 90 days' notice of nonrenewal to Defendant Yong, complies with the requirements of RPL § 262-c(2)(d). Finally, it is also undisputed that Defendant Yong remains in possession of the Apartment as a holdover tenant. (*Compare* § IV(A) ¶ 6 (stating that Defendant Yong remains in possession of the Apartment under the expired Lease) *with id.* § IV(B) (offering no contention in opposition).)

Accordingly, in the absence of a valid and effective Lease, the Debtor possesses a superior right of possession to the Apartment and has adequately established a prima facie case for the ejectment of Defendant Yong.

### B. Dismissal of the Affirmative Defenses is Warranted

Dismissal of Defendant Yong's asserted affirmative defenses is also warranted. Generally, a defendant asserting an affirmative defense bears the burden of proof with respect to that defense. *Barton Group, Inc. v. NCR Corp.*, 796 F.Supp.2d 473, 498 (S.D.N.Y. 2011); *see Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir. 2001) ("It is well-established that a defendant . . . bears the burden of proving its affirmative defense."); *Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*, 238 F.3d 124, 131 (2d Cir. 2001) ("The general rule is that the party that asserts the affirmative of an issue has the burden of proving the facts essential to its claim.") (quoting *Auburndale State Bank v. Dairy Farm Leasing Corp.*, 890 F.2d 888, 893 (7th Cir. 1989)). Here, Defendant Yong has not offered any argument or evidence in support of the three affirmative defenses asserted. (*See* Pretrial Order §§ IV(B), VII, X (submitting no contentions, exhibits, or witnesses for the Court's consideration).) Indeed, with respect to the third affirmative defense in

particular, Defendants' counsel stated on the record at the October 17, 2023 conference that Defendant Yong was, in fact, not contesting the existence of personal jurisdiction. (*See* Supporting Memo ¶ 34.) Therefore, Defendant Yong has not carried her burden with respect to any of the affirmative defenses asserted and dismissal of such defenses is warranted.

## IV.    CONCLUSION

For the reasons stated, the Court **GRANTS** a judgment of possession to the Debtor to take possession of the Apartment on February 15, 2024 (the "Deadline") and **DISMISSES** Defendant Yong's affirmative defenses.

On or before 5:00 pm, December 21, 2023, Plaintiff's counsel shall submit the form of the judgment consistent with this Opinion that should be entered by the Court. If the Defendant fails to surrender possession on or before the Deadline, Plaintiff may apply to the Court for issuance of monetary or other sanctions.

**IT IS SO ORDERED.**

Dated:   December 18, 2023
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge